H. J. Feinberg & Company, Inc. v. Commissioner.
H. J. Feinberg & Co., Inc. v. Commissioner
Docket No. 21941.
United States Tax Court
1950 Tax Ct. Memo LEXIS 96; 9 T.C.M. (CCH) 776; T.C.M. (RIA) 50218; September 20, 1950
*96 Frederick E. Weinberg, Esq., and J. Steinberg, Esq., 342 Madison Ave., New York 17, N. Y., for the petitioner. John J. Madden, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies and additions for fraud under Section 293 (b) as follows: Declared value
Excess profit tax
293 (b)
Excess profits tax
293 (b)
1943
$173.93
$ 86.97
$ 2,219.50
$1,109.75
1944
914.85
457.43
8,325.26
4,162.63
1945
206.28
103.14
12,361.97
6,180.99
One issue is whether the Commissioner erroneously increased sales for each year and the other is whether any part of the deficiency for any year is due to fraud with intent to evade tax. Findings of Fact The petitioner, a corporation, filed its returns for the taxable years with the collector of internal revenue for the second district of New York. The petitioner is engaged in the business of manufacturing outer garments, such as coats, for small children and selling its products to retailers and department stores all over the United States. It used a regular double entry system of bookkeeping. Its returns for the taxable years were *97 prepared by a certified public accountant. The officers of the petitioner furnished the accountant with the books of the corporation and he prepared the returns solely from those books. The petitioner was having difficulty obtaining rayon linings during the taxable years. The petitioner, during those years, bought from suppliers goods which it did not use in its own business but which it intended to transfer to others under an arrangement whereby it could obtain goods which it needed for its own use. It sold during each of the taxable years to Merber Woolen Corporation materials which it did not need or could not use. It furnished no bill covering those sales and required the purchaser to pay for the goods in cash. The cash from such sales was kept in a special box and money from that box was sometimes used to purchase materials which the petitioner used in its business. The transactions above described were not recorded on the books of the petitioner and were not reported or reflected in its returns for the taxable years. The record does not show whether the petitioner realized any profits from the unrecorded sales to Merber Woolen Corporation during the taxable years or whether *98 it overstated its cost of goods during the taxable years. The Commissioner, in determining the deficiencies, added the following amounts to income with the explanation that the amounts represented an understatement of sales reported on the returns and that net income had been increased accordingly: 1943
$ 2,635.37
1944
11,241.28
1945
14,086.98
Opinion MURDOCK, Judge: The petitioner has failed to show that the Commissioner erred in determining the deficiencies. The only adjustments which the Commissioner made were those increasing sales for each of the taxable years. The petitioner has not attempted to show what its sales or costs actually were during any one or more of the taxable years. It concedes that it made some sales to Merber Woolen Corporation during the taxable years which sales were not recorded on its books and, consequently, were not reported on its returns. It makes the inadequate excuse that it regarded those sales as exchanges, rather than sales, in an effort to trade goods which it did not need but which it had been able to obtain for other goods which it needed but could not obtain readily. No such system of off-setting sales and purchases *99 is permitted under the Internal Revenue Code and, furthermore, the petitioner has not shown the details of the vaguely suggested transactions. The respondent has introduced evidence to show that sales in substantial amounts were made by the petitioner to Merber Woolen Corporation during each of the taxable years. The petitioner made sales during each of the taxable years which it did not report but the record does not show the details of those sales necessary to a computation of the gain or loss which might have resulted. It follows that the determination of the deficiencies must stand because the petitioner, which had the burden of proof, has not shown that the sales were not clear gain or that any error entered into the computation of the deficiencies. The Commissioner has the burden to show that a part of the deficiency for each year was due to fraud with intent to evade tax. He has shown that the petitioner had made a number of sales and purchases without accounting for the transactions on its books of account and without reporting or reflecting them in its returns. However, the question here is not whether the returns were false and fraudulent with intent to evade tax. The question *100 is, has the Commissioner shown that a part of the deficiency for any year was due to fraud with intent to evade tax. The Commissioner cannot sustain that burden of proof without showing that these unrecorded transactions in some way evaded tax. He might have shown that the petitioner realized a gain from the sales or that it overstated its cost of goods, but he made no such showing. Consequently, the record does not justify a finding that a part of the deficiency for any year was due to fraud with intent to evade tax. Decision will be entered under Rule 50.